# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2013

No. 12-41280
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAULINO AGUILERA-SANDOVAL,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-23-14

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Paulino Aguilera-Sandoval appeals his 262-month sentence as a career offender under United States Sentencing Guidelines § 4B1.1(a). Aguilera-Sandoval pleaded guilty to conspiracy to possess with intent to distribute cocaine. He contends that the district court erred at his resentencing by failing to order specific performance of the plea agreement, by modifying the plea agreement through the court's refusal to apply the agreed-upon base offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level of 32, and by imposing an unreasonable sentence in light of the Government's alleged breach of the plea agreement.

Each of the issues rests on the premise that the parties' stipulated base offense level of 32 was an enforceable element of the plea agreement that was violated when the district court applied the career offender guideline. We review an alleged breach of a plea agreement de novo. *United States v. Loza-Gracia*, 670 F.3d 639, 642 (5th Cir. 2012).

According to the unambiguous wording of the agreement, the parties' stipulated base offense level was not binding on the district court. *See Loza-Gracia*, 670 F.3d at 640-43. Aguilera-Sandoval received specific performance of the agreement at his resentencing when the Government stood by the plea agreement and did not advocate for the career offender enhancement. *See id.* at 644. The judgment of the district court is AFFIRMED.

The Government's motion to dismiss the appeal is DENIED. *See United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010). Its alternative motion for an extension of time to file an appellate brief is DENIED as unnecessary.